58 F.Supp.2d 1211 (1999)
The NORTHWEST LABORERS-EMPLOYERS HEALTH & SECURITY TRUST FUND and its Trustees, et al., Plaintiffs,
v.
PHILIP MORRIS, INCORPORATED, et al., Defendants.
No. C97-849WD.
United States District Court, W.D. Washington, at Seattle.
July 22, 1999.
*1212 Michael Thomas Watkins, George Kargianis, Kargianis Watkins Marler, LLP, PS, Seattle, WA, Lembhard Goldstone Howell, Seattle, WA, Steve W. Berman, Hagens Berman, P.S., Seattle, WA, John Mcn Broaddus, Robert J Connerton, Connerton & Ray, Washington, DC, Paul L. Stritmatter, Stritmatter Kessler Whelan Withey, Seattle, WA, William Dale Marler, Marler Clark, L.L.P., P.S., Seattle, WA, for Northwest Laborers-Employers Health & Security Trust, Carpenters Health & Security Trust of Western Washington, plaintiffs.
George Kargianis, Kargianis Watkins Marler, LLP, PS, Seattle, WA, Lembhard Goldstone Howell, Seattle, WA, Steve W. Berman, Hagens Berman, P.S., Seattle, WA, Paul L. Stritmatter, Stritmatter Kessler Whelan Withey, Seattle, WA, for Washington-Idaho Carpenters Employers Health and Welfare Trust, Washington-Idaho Operating Engineers Health and Welfare Trust Fund, plaintiffs.
John Wentworth Phillips, Heller, Ehrman, White & McAuliffe, Seattle, WA, Bradley E Lerman, Kevin J Narko, Winston & Strawn, Chicago, IL, for Philip Morris Inc, defendant.
Bradley S. Keller, Byrnes & Keller, Seattle, WA, David B Alden, Jones, Day, Reavis & Pogue, Cleveland, OH, Robert H Klonoff, Robert F McDermott, Jr, Geoffrey Beach, Jones, Day, Reavis & Pogue, Washington, DC, Rachel M Capoccia, Glenn D Pomerantz, Munger, Tolles & Olson, *1213 Los Angeles, CA, Peter J Busch, H Joseph Escher, III, Celia Van Gorder, Howard, Rice, Nemerovski, Canady, Falk & Rabkin, San Francisco, CA, for RJ Reynolds Tobacco Co, defendant.
Richard J. Wallis, Bogle & Gates PLLC, Seattle, WA, John Arthur Tondini, Byrnes & Keller, Seattle, WA, Todd A Gale, Kirkland & Ellis, Chicago, IL, Jeffrey S Davidson, Tony L Richardson, Christopher RJ Pace, Sydne Squire Michel, Dean M Fink, Kirkland & Ellis, Los Angeles, CA, Paul B Taylor, Kenneth N Bass, Jennifer G Gardner, Kirkland & Ellis, Washington, DC, Kelly P. Corr, Corr Cronin, Seattle, WA, for Brown & Williamson Tobacco Corp, defendant.
Gerald E Hawxhurst, Andrew T Frankel, Mark G Cunha, Simpson Thacher & Bartlett, New York, NY, Stephen Murray Todd, Todd & Wakefield, Seattle, WA, for Bat Industries PLC, defendant.
Reed Philip Schifferman, Douglas Edward Smith, Lane Powell Spears Lubersky, Seattle, WA, Carl L Rowley, Thompson Coburn, St Louis, MO, for Lorillard Tobacco Co Inc, defendant.
Richard J. Wallis, Bogle & Gates PLLC, Seattle, WA, John Arthur Tondini, Byrnes & Keller, Seattle, WA, Jeffrey S Davidson, Tony L Richardson, Christopher RJ Pace, Sydne Squire Michel, Kirkland & Ellis, Los Angeles, CA, Paul B Taylor, Kenneth N Bass, Kirkland & Ellis, Washington, DC, Kelly P. Corr, Corr Cronin, Seattle, WA, for American Tobacco Co. Inc, defendant.
Bruce Andrew McDermott, John J Lapham, Garvey, Schubert & Barer, Seattle WA, for United States Tobacco Co, defendant.
James Richard Murray, Franklin Dennis Cordell, Gordon Murray Tilden, Seattle, WA, Patrick S Davies, Covington & Burling, Washington, DC, for Tobacco Institute, defendant.
James H Jordan, Jr, Miller Nash Wiener Hager & Carlsen, Seattle, WA, for Council for Tobacco Research USA Inc, defendant.
David Michael Jacobi, John D. Wilson, Jr., Wilson, Smith, Cochran & Dickerson, Seattle, WA, for Smokeless Tobacco Council Inc, defendant.
Thomas J. Brewer, Wickwire, Greene, Crosby, Brewer & Seward, Seattle, WA, Andrew Herz, Bruce Ginsberg, Davis & Gilbert, New York City, for Hill & Knowlton Inc, defendant.
Thomas R Merrick, Bullivant Houser Bailey, Seattle, WA, Lynne E Mallya, John Nyhan, Jay R Henneberry, Susan St Denis, James FB Sawyer, Chadbourne & Parke, Los Angeles, CA, for British American Tobacco Company Ltd, defendant.
John G. Bergmann, Helsell Fetterman LLP, Seattle, WA, for Liggett & Myers Inc, defendant.
Earle Jennings Hereford, Jr., Seattle, WA, for Interested Attorney, interested party.

ORDER ON DEFENDANTS' SUMMARY JUDGMENT MOTIONS AND PLAINTIFFS' RENEWED MOTION FOR CERTIFICATION
DWYER, District Judge.
The plaintiffs and class members in this case are collectively bargained-for-health and welfare trusts in Washington, and their trustees. In their second amended complaint the plaintiffs allege a conspiracy by defendants to deceive and defraud the public and health care providers and payors such as themselves by misrepresenting the addictiveness of tobacco products, and to suppress competition in the development of safer cigarettes. These acts, plaintiffs allege, were "done with the purpose and effect of ... ensuring that other health care providers and payors and not defendants bore the business costs of the disease and illness caused by defendants' unsafe products." The claims originally pleaded were antitrust violations, RICO violations, breach of special duty, unjust enrichment, violations of the Washington Consumer Protection Act (RCW ch. 19.86), intentional interference with contractual *1214 relations, and conspiracy. Defendants moved last year for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). After hearing argument, the court denied the motion in an order entered December 23, 1998 (Dkt.# 438), stating:
In the present case it is entirely possible that some or all of plaintiffs' claims will be defeated on summary judgment. But we are not at the summary judgment stage. The motion concerns only the pleadings, and it cannot be said that all of plaintiffs' claims will necessarily fail no matter what facts are proved.
Since the order on the Rule 12(c) motion was entered, discovery has been taken, and the federal claims have been dismissed by a stipulated order (Dkt.# 649). Defendants now move for summary judgment on the remaining claims, all of which are brought under Washington law. The remaining claims are for unfair and deceptive practices in violation of the Washington Consumer Protection Act (CPA), antitrust violations pleaded under another part of the same statute, and several common law claims. The court has jurisdiction over the state claims by virtue of diversity of citizenship, 28 U.S.C. § 1332. Oral argument on the defendants' motions to dismiss these remaining claims on summary judgment was heard on July 19, 1999. All materials filed, and the arguments of counsel, have been considered.
Three major changes have occurred since the order on the Rule 12(c) motion was entered. First, the federal claims have been dropped, as noted above. Second, discovery has been taken and a record adequate for summary judgment purposes has been created. Third, on July 14, 1999, five days before the oral argument in this case, the Ninth Circuit decided Oregon Laborers Employers Health & Welfare Trust v. Philip Morris, 185 F.3d 957 (9th Cir.1999), affirming the dismissal, for failure to state a claim, of an action similar to this one brought in the District of Oregon by health and welfare trust funds based in that state.
The test now to be applied is, of course, different from the Rule 12(c) standard, which requires that a complaint not be dismissed unless it appears beyond doubt that the plaintiffs could prove no set of facts in support of their claims that would entitle them to relief. See Dkt. # 438, at 2. A motion under Fed.R.Civ.P. 56 is based on the evidentiary record at hand, and summary judgment may be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. An issue of material fact is one that affects the outcome of the case and requires a trial to resolve differing versions of the truth. Admiralty Fund v. Hugh Johnson & Co., 677 F.2d 1301, 1305-06 (9th Cir.1982). In deciding the motion the court views the evidence in the light most favorable to the non-moving party, and draws all reasonable inferences in that party's favor. Poller v. Columbia Broadcasting System. Inc., 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir.1987). However, the non-moving party must respond to an adequately supported motion by showing that a genuine issue of material fact exists; if the response falls short of that, summary judgment should be granted. Fed. R.Civ.P. 56(e); T.W. Elec. Serv., Inc., 809 F.2d at 630-31.
The record here, viewed in the light most favorable to the plaintiffs and class members, shows that the tobacco companies conspired to mislead the public about the dangers of smoking and to forestall the development of safer products, as a result of which more people became ill from smoking than otherwise would have, and health care expenses, including some incurred by the plaintiffs and class members, increased. As damages, the claimants seek to recover these increased health care costs. The record contains no suggestion that the claimant funds and the defendants were in the same market, or that they had any communications or transactions with each other, or that the *1215 funds acted in reliance upon any act or representation by the defendants, or that the defendants even knew of the funds' existence. The claims are derivative; the injuries to the smokers who were misled, it is alleged, resulted in the funds' incurring health care expenses. There is no showing of a direct link between the alleged misconduct of the tobacco companies and the alleged damage to the funds. Plaintiffs also contend that defendants prevented them from taking counter-measures against smoking, but have presented no evidence that they would have acted differently but for the defendants' alleged misconduct.
The Ninth Circuit in Oregon Laborers affirmed the dismissal of very similar claims for several reasons: lack of proximate cause; remoteness of the alleged damage; the availability of other claimants, i.e., the smokers, who could pursue a remedy (although not under RICO or the antitrust laws or the Oregon Unfair Trade Practices Act); the difficulty of proving certain categories of damage alleged by the health and welfare funds; the absence of antitrust injury; and the absence of elements required for the common law claims pleaded. 185 F.3d at 962-63.[1] The Oregon Laborers decision is based upon federal and Oregon law, whereas the present case, since the federal claims were dropped, turns on Washington law. Oregon Laborers also was decided on the pleadings rather than on summary judgment. The question, then, is whether anything in the summary judgment record here, or in Washington law, could justify a different result. The answer must be negative; even when the record and all reasonable inferences therefrom are viewed in plaintiffs' favor, there is no genuine issue of material fact for trial.
Both the deceptive practice and the antitrust components of the CPA require that an injury, to be compensable, be to the plaintiff's "business or property." RCW 19.86.090. Expenses for personal injuries are not injuries to business or property within the meaning of the statute. Washington State Physicians Ins. Exch. v. Fisons Corp., 122 Wash.2d 299, 318, 858 P.2d 1054 (1993); Stevens v. Hyde Athletic Indus., Inc., 54 Wash.App. 366, 370, 773 P.2d 871 (1989); Hiner v. Bridgestone/Firestone, Inc., 91 Wash.App. 722, 730, 959 P.2d 1158 (1998), rev'd on other grounds, 138 Wash.2d 248, 978 P.2d 505 (1999). That ruling cannot change when the injured person's medical expenses are paid by someone else, such as a health and welfare fund. The "business or property" requirement does not apply to the State of Washington, RCW 19.86.090, which, as a plaintiff, settled a case against the tobacco companies in mid-trial last year.
Proximate cause is also missing as to all claims. A foundation of proximate cause is the common law requirement that there be "some direct relation between the injury asserted and the injurious conduct alleged." Holmes v. Securities Investor Protection Corp., 503 U.S. 258, 268, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992). "Where the plaintiff sustains injury from the defendants' conduct to a third person, it is too remote." Associated General Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 532 n. 25, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983) (quoting 1 J. Sutherland, A Treatise on the Law of Damages, 55-56 (1882)). Here again the recent State of Washington case is distinguishable. The trial court there concluded that there was no direct injury requirement because the CPA authorized the state, but not private parties, to sue even when it was indirectly injured. See State of Washington v. American Tobacco *1216 Co., 1996 WL 931316, at *4 (Wash.Super. Nov. 19, 1996).
For the reasons set out in Oregon Laborers, remoteness is a bar to both the statutory and the common law claims. See 185 F.3d at 966-69. Other claimants  i.e., the injured smokers, suing individually or as a class  are able to pursue remedies for the same medical expenses. Id. at 964 (stating that "the existence of the smokers, who are more direct victims, ... weighs heavily in favor of barring plaintiffs' actions."). The funds here do not claim to sue as subrogees. The Washington antitrust provision is construed according to federal law. See Blewett v. Abbott Labs., 86 Wash.App. 782, 787, 938 P.2d 842 (1997). Antitrust injury has not been shown, and the exception for costplus contracts, see Illinois Brick Co. v. Illinois, 431 U.S. 720, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977), is inapplicable. Washington's anti-monopoly constitutional provision is implemented through the CPA, and does not change the applicable law or the outcome. As for the common law claims, the "special duty," unjust enrichment, and conspiracy claims all fail as a matter of law. See Oregon Laborers, 185 F.3d at 967-69. In Washington, as elsewhere, a civil conspiracy claim must be premised on underlying "actionable wrongs," "overt acts," or a "tort working damage to the plaintiffs." See W.G. Platts, Inc. v. Platts, 73 Wash.2d 434, 438-40, 438 P.2d 867 (1968) (citing various treatises). A conspiracy claim fails if the underlying act or claim is not actionable. See id.; Wilson v. State, 84 Wash.App. 332, 350-51, 929 P.2d 448 (1996). That element is missing here. The claim of tortious interference with contractual relations is unsupported by any evidence that defendants knew of the funds or of their contractual relations with the beneficiaries. See Commodore v. University Mechanical Contractors Inc., 120 Wash.2d 120, 137, 839 P.2d 314 (1992) (listing knowledge of the relationship as a necessary element of the tort). Moreover, insofar as the claim is based on Restatement (Second) of Torts § 776A, there is nothing to suggest that the section has been or would be adopted in Washington. The interference claim fails on both legal and factual grounds. Finally, plaintiffs claim standing to seek injunctive relief under the CPA even if their damage claims are dismissed. But the "business or property," proximate cause, and "antitrust injury" limitations apply to preclude injunctive relief when the threatened injury is too remote or indirect. See Blewett, 86 Wash. App. at 790, 938 P.2d 842; Parks v. Watson, 716 F.2d 646, 662 (9th Cir.1983) (plaintiff must show "threatened loss or injury cognizable in equity proximately resulting from the alleged antitrust violation").
Some time ago, after cases of this nature had been dismissed in several districts, plaintiffs moved for an order certifying certain questions of state law to the Washington Supreme Court. At that time, the federal claims were still in the case. The motion was denied on March 18, 1999 (Dkt.# 526). At the July 19 hearing, plaintiffs renewed their motion, and again it has been carefully considered. The applicable statute permits certification when "the local law has not been clearly determined." RCW 2.60.020. In this court's view, the law of Washington has been clearly determined in the respects necessary to the present decision.
For the reasons stated, defendants' above-listed motions for summary judgment are granted, and plaintiffs' motion for certification to the Washington Supreme Court is denied. All other motions are stricken as moot. Judgment will be entered for defendants.
The clerk is directed to send copies of this order to all counsel of record.
NOTES
[1] The Second and Third Circuits, in cases similar to this one and to Oregon Laborers, have either directed or affirmed the dismissal of all federal and state claims by union trust funds, primarily on grounds or remoteness. See Laborers Local 17 Health & Benefit Fund v. Philip Morris, 172 F.3d 223, ___, 1999 WL 199016, at *12 (2d Cir.1999); Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, 171 F.3d 912 (3d Cir.1999).